IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**DELOSANGELES HARPER**                                                **PLAINTIFF**

v.                              No: 3:17-cv-00303 JM-PSH

**VOLNER**                                                             **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Delosangeles Harper filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on November 6, 2017, while incarcerated at the Craighead County Detention Facility (Doc. No. 1). Harper was subsequently granted leave to proceed *in forma pauperis* on November 27, 2017, and ordered to file an amended complaint describing who he intended to sue and how he was injured by the defendant's actions. *See* Doc. No. 4. Harper was also instructed to describe specific facts to show how the defendant violated his constitutional rights. *Id.* Harper filed an amended

complaint on December 5, 2017.  *See* Doc. No. 5.  For the reasons stated herein, Harper's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.  Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

Harper seeks compensation for medical negligence and abuse of authority because Officer A. Volner allegedly told a nurse to send his HIV medications to the jail, and these medications are expensive.  *See* Doc. No. 5 at 3-4.  The very few facts provided by Harper are insufficient to state a constitutional claim.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or

immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Harper does not identify any constitutional right that has been violated,[1] and he does not state how he has been injured.[2] Further, even if he alleged facts that described medical negligence, the Eighth Circuit has held that to state an Eighth Amendment inadequate medical care claim, a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Harper's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 8th day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] "Abuse of authority" is not a constitutional violation. *See generally Wallace v. Burns*, No. 6:09-CV-6057, 2010 WL 2231859, at *3 (W.D. Ark. May 7, 2010), *report and recommendation adopted*, No. CIV. 09-6057, 2010 WL 2231855 (W.D. Ark. June 2, 2010) ("[T]he Court can find no precedent where "abuse of authority" or "neglect of duty" are cognizable claims in Section 1983 litigation.").

[2] Because a § 1983 action is a type of tort claim, general principles of tort law require that a plaintiff suffer some actual injury before he can receive compensation. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008) (citing *Carey v. Piphus*, 435 U.S. 247, 253-55 (1978)). *See also* 42 U.S.C. § 1997e(e) (requiring a prisoner to show an actual physical injury as opposed to mental or emotional injury to sustain a claim for compensatory damages).